# UNITED STATES DISTRICT COURT

### RECEIVED

for the

Southern District of IOWA

CENTRAL Division

JUL 29 2022

CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF IOWA

|  |  |  |
|---|---|---|
| Brian S. Cooper | ) | Case No. 4-22-CV-246 |
| *Plaintiff(s)* | ) | *(to be filled in by the Clerk's Office)* |
| *(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)* | ) | |
|  | ) | Jury Trial: *(check one)* ☒ Yes ☐ No |
| -v- | ) | |
|  | ) | |
| Uber Technologies Inc.; Uber Usa LLC | ) | |
| *Defendant(s)* | ) | |
| *(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names. Do not include addresses here.)* | ) | |

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
(Non-Prisoner Complaint)

---

### NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

---

## I.     The Parties to This Complaint

### A.     The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint.  Attach additional pages if needed.

Name            Brian S. Cooper
Address         2326 Euclid Ave #1639
                Des Moines      Iowa      50310
                           *City*          *State*         *Zip Code*
County          Polk
Telephone Number    715-716-1433
E-Mail Address      willabee      willabee@gmail

### B.     The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation.  For an individual defendant, include the person's job or title (if known) and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both.  Attach additional pages if needed.

Defendant No. 1
Name                        Uber Technologies INC
Job or Title *(if known)*   PARENT Company
Address                     1455 N. Market St
                            San Francisco    CA      94103
                                    *City*        *State*      *Zip Code*
County
Telephone Number
E-Mail Address *(if known)*

☐ Individual capacity    ☐ Official capacity

Defendant No. 2
Name                        Uber USA LLC
Job or Title *(if known)*   Subsidiary
Address
                            Des Moines      Iowa      50310
                                    *City*        *State*      *Zip Code*
County          San Francisco
Telephone Number
E-Mail Address *(if known)*    legal@Uber.com.

☐ Individual capacity    ☐ Official capacity

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non-Prisoner)

Defendant No. 3

Name _____

Job or Title *(if known)* _____

Address _____

| _____ | _____ | _____ |
|---|---|---|
| *City* | *State* | *Zip Code* |

County _____

Telephone Number _____

E-Mail Address *(if known)* _____

☐ Individual capacity    ☐ Official capacity

Defendant No. 4

Name _____

Job or Title *(if known)* _____

Address _____

| _____ | _____ | _____ |
|---|---|---|
| *City* | *State* | *Zip Code* |

County _____

Telephone Number _____

E-Mail Address *(if known)* _____

☐ Individual capacity    ☐ Official capacity

## II.   Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

A.   Are you bringing suit against *(check all that apply)*:

☐ Federal officials (a *Bivens* claim)

☒ State or local officials (a § 1983 claim)

B.   Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

Intentional Retaliation Against a Whistleblower and Due Process Violation

C.   Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

D.   Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

## III.   Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A.   Where did the events giving rise to your claim(s) occur?

The events occurred in Arizona, Minnesota, Iowa, and North Dakota

B.   What date and approximate time did the events giving rise to your claim(s) occur?

The events started in 2014. The final event occured Feb. 4 2018. Arbitration Feb. 14, 2018, First litigation in July 2018, 2nd Litigation Oct. 2018. Uber filed unlawfully 2x. Once on Feb. 4, 2019 and the Second in Oct. 2019. Case CV-2019001194 1A11 was deleted, and case CV 2019-010522 dismissed in 2021
See attached

C.   What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

This was personal and deployed, at a time Mr. Cooper had already started losing faith in a System created not to Sow doubt, but to create believers, and they knew (Uber)

See attached

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

## IV.   Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

I am gang stalked Everyday. My calls, emails, text, or anything needing an internet connection has been compromised. 23 email accounts. 2 bank accounts, my vehicles onStar/Syne has been tampered with. I have random people speak to me as though I wronged them trying to provoke an emotional response. 5 fraud cases filed with T-mobile not only this year, but others look much harder How this started. How no fraud case appears on my account. How DesMoines Police have failed to even call to investigate. How case CU2019-001194 was deleted. How Judy Mese was boosted into spotlight as Judge of

## V.   Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims.

There will never be a day I feel safe again. The only times are in Secured locations. Never will I regain the trust of a phone call is a simple phone call or Im being followed and watched, I have Grandchildren I've yet to meet, birthdays, anniversaries, and deaths I've missed as I do not want anyone else hurt. I've not received mail until recently, and that makes over a year. Identity theft, banking all hacked, and the feeling of someone in your home. Helicopters every half hour, Unknown people swearing or trying to provoke me. This company has a history of violating laws, civil rights, civil liberties and yet they continue. The CEO stated there is no more secret area in Uber that follows and hacks. That is a lie. This was never about money. I was about Right and wrong. If I win, then come In for my. That is gone, and never can that come back. Stolen by Uber in the same fashion they stole business and a place in this country. Since Uber cant learn How to play Fair I believe a lesson of #100 million doll

B- dismissed in 2021 by Judge Randall Warner. The most difficult part to understand is How? On November 6, 2019, Judge Rose Mroz filed her ruling in Maricopa County Superior Court. No appeal was filed, yet 1.5 years Judge Randall Warner is able to dismiss a case for Lack of Prosecution.

C- and Uber knew the chaos created would bring misplaced resentment and anger. ARS: 10-1501 and 1502 are State of Arizona laws concerning Foreign Qualification. (Exhibit C & D) The next exhibits are words from the then Director of AZCCC, Mrs. Patricia Barfield. (Exhibits E & F) Mrs. Barfield, to sum it up, States, "This entity and your ~~state~~ was never qualified to do business in Arizona."

D- Maricopa County in 2021 and struck and killed in 2022? How is the ruling from Judge Mroz on 11/06/2019 Verbatim Uber and counsels, 09/30/2019 filing? No one has answered these questions. How did Uber Hack onto the Arizona and Iowa Secretary of States website?
Exhibits    How Mr. Cooper reserved the name Uber Technologies stac.
G & H       for 240 days and yet Uber continued to transact under the name
I & J       How case CV2019-00194 was deleted as Uber Technologies Inc.
K & L       Stated Mr. Cooper was at fault for the wrong caption, yet the courts own docket shows multiple Uber Technologies Inc. in litigation at the same time. No one else was classed

## VI.   Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.   For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served.  I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:       July 29, 2022

Signature of Plaintiff

Printed Name of Plaintiff       Brian S. Cooper

### B.   For Attorneys

Date of signing:

Signature of Attorney

Printed Name of Attorney

Bar Number

Name of Law Firm

Address

|  | City | | State | Zip Code |
|---|---|---|---|---|

Telephone Number

E-mail Address



UNITED STATES OF AMERICA
Federal Trade Commission
WASHINGTON, D.C. 20580

Office of Commissioner
Rohit Chopra

## STATEMENT OF
## COMMISSIONER ROHIT CHOPRA
*In the Matter of Uber Technologies Inc.*
*Commission File No. 1523054*
*October 26, 2018*

Uber's business model relies on users and drivers trusting that the company will take care to protect their most sensitive information, including Social Security numbers, geolocation information, driver's license information, and proof of insurance. This case calls into question whether the company deserves that trust.

As recounted in the Commission's Complaint, Uber misled law enforcement even as it was under investigation for misleading the public about its security practices. Specifically, in the midst of the Commission's investigation, Uber experienced a *second* serious breach – a breach rooted in the very slipshod security practices already being investigated. Rather than informing the Commission or the public of this second attack on its systems, Uber apparently paid the attackers to sweep it under the rug, waiting more than a year after learning of the breach before informing the public or the Commission.[1]

Given the serious misconduct uncovered in this investigation, I support this action. But, I believe the Commission should have given greater weight to several of the suggestions made in the comments.[2]

In particular, I agree with World Privacy Forum and EPIC that the Commission should make required audits and assessments public, subject to appropriate redactions. The FTC has responded to this comment by stating that these documents are available by filing a Freedom of Information Act request, but proactive disclosure would be superior, given the public interest in keeping this company in compliance.

---

[1] This and other events of the last several years raise serious questions about the company's culture, corporate governance, and commitment to following the law. As recently as 2017, the company agreed to pay $20 million to settle FTC charges that it misled prospective drivers with exaggerated earning claims. And according to our Complaint in this matter, Uber reportedly created a tracking tool – "God view" – to surveil the whereabouts of its riders. Another report detailed a company executive's desire to target critical journalists with opposition research.
[2] The comments also suggested that we further define privacy assessments/audits and that we seek deletion or "disgorgement" of ill-gotten data. The comments are available at https://www.ftc.gov/policy/public-comments/2018/05/initiative-754.

10-1501. Authority to transact business required

A. A foreign corporation shall not transact business in this state until it is granted authority to transact business in this state as provided in this chapter from the commission.

B. The following activities, among others, do not constitute transacting business within the meaning of subsection A:

1. Maintaining, defending or settling any proceeding.

2. Holding meetings of the board of directors or shareholders or carrying on other activities concerning internal corporate affairs.

3. Maintaining bank accounts.

4. Maintaining offices or agencies for the transfer, exchange and registration of the corporation's own securities or maintaining trustees or depositaries with respect to those securities.

5. Selling through independent contractors.

6. Soliciting or obtaining orders, whether by mail or through employees or agents or otherwise, if the orders require acceptance outside this state before they become contracts.

7. Creating or acquiring indebtedness, mortgages and other security interests in real or personal property.

8. Securing or collecting debts or enforcing mortgages and security interests in property securing the same.

9. Owning, without more, real or personal property.

10. Conducting an isolated transaction that is completed within thirty days and that is not one in the course of repeated transactions of a like nature.

11. Transacting business in interstate commerce.

12. Being a limited partner of a limited partnership or a member of a limited liability company.

C. The list of activities in subsection B is not exhaustive.

D. This section does not apply to insurance corporations or any corporation transacting in this state only the business of lending monies to religious, social or benevolent associations.

10-1502. Consequences of transacting business without authority; penalty

A. A foreign corporation transacting business in this state without a grant of authority shall not be permitted to maintain a proceeding in any court in this state until it is authorized to transact business.

B. The successor to a foreign corporation that transacted business in this state without a grant of authority and the assignee of a cause of action arising out of that business may not maintain a proceeding based on that cause of action in any court in this state until the foreign corporation or its successor obtains authority to transact business.

C. A court may stay a proceeding commenced by a foreign corporation, its successor or its assignee until it determines whether the foreign corporation, its successor or its assignee requires authority to transact business in this state. If it so determines, the court may further stay the proceeding until the foreign corporation or its successor obtains authority to transact business in this state.

D. A foreign corporation that transacts business in this state without authority is liable to this state, for the years or portions of years during which it transacted business in this state without authority, in an amount equal to all fees that would have been imposed by chapters 1 through 17 of this title on the corporation if it had duly applied for and received authority to transact business in this state as required by chapters 1 through 17 of this title and thereafter filed all reports required by chapters 1 through 17 of this title. In addition to all penalties imposed by chapters 1 through 17 of this title for failure to pay the fees, the corporation shall pay a penalty of up to one thousand dollars to this state for violating this section. The attorney general may bring proceedings to recover all amounts due this state under this section.

E. Notwithstanding subsections A and B, the failure of a foreign corporation to obtain authority to transact business in this state does not impair the validity of its corporate acts or prevent it from defending any proceedings in this state.

F. The attorney general or any other person may bring and maintain an action to enjoin any foreign corporation from transacting business in this state without authority. On a foreign corporation obtaining authority, the action shall be dismissed, but the plaintiff shall recover its costs and reasonable attorney fees. A determination by a court of competent jurisdiction in this state that a party to the action is a foreign corporation that was required but failed to qualify as a foreign corporation under chapters 1 through 17 of this title is prima facie evidence against the foreign corporation in any other action brought by or against it by any other person of the requirement to and failure to qualify.

11/6/2018                               Violations - briancooperaz@gmail.com - Gmail                               2

 **Brian Cooper** <briancooperaz@gmail.com>                                      Oct 1, 2018, 2:38 PM
to PBarfield

Uber Technologies Inc

**Patricia Barfield** <PBarfield@azcc.gov>                                                         Oct 1, 2018, 2:40 PM
to me

This entity was never authorized to transact business here because their application for authority was never approved for filing.

By "file a claim," you mean in a court of law? You should be able to do that, however, they are not an active entity in Arizona.

From: Brian Cooper <briancooperaz@gmail.com>
Sent: Monday, October 01, 2018 2:38 PM
To: Patricia Barfield <PBarfield@azcc.gov>
Subject: Re: FW: Violations

Uber Technologies Inc

On Mon, Oct 1, 2018 at 2:37 PM Brian Cooper <briancooperaz@gmail.com> wrote:

> WOW THAT WAS FAST!!! Thank you so much. I have been on your website constantly and they are currently inactive still. I only have one request if possible.
> They defrauded us and we want to file a claim while they are still inactive. I am just guessing about needing to contact them, but we ask if so can you give us
> until the afternoon? If the question is not ethical or out of bounds, we do apologize and retract our request. We are Pro Se Litigants and trying to learn new
> laws totally out of our element. So thank you for whatever you may legally and ethically can do.

> On Mon, Oct 1, 2018 at 11:16 AM Patricia Barfield <PBarfield@azcc.gov> wrote:

>> Please email me with the name of the company and I can let you know their status and whether other documents have been filed.

>> We do not know anything about taxes -- you would need to contact the Arizona Department of Revenue.

>> **Patricia L. Barfield**
>> Director, Corporations Division
>> Arizona Corporation Commission
>> 1300 W. Washington Street
>> Phoenix, Arizona 85007
>> (602) 542-0787 (office)
>> pbarfield@azcc.gov
>> www.azcc.gov

>> From: Brian Cooper <briancooperaz@gmail.com>
>> Sent: Friday, September 28, 2018 4:29 PM
>> To: Legal Div - Mailbox <legaldiv@azcc.gov>
>> Subject: Violations

 **Brian Cooper** <briancooperaz@gmail.com>                                      Oct 1, 2018, 6:17 PM
to PBarfield

I want to thank you for your help. If I have any questions I will present them to you in hopes they do not violate any ethics. I appreciate your help. Our issue is this
corporation used a paralegal as representation in a legal proceeding. She then broke state and federal laws, but there was no one to complain to as she is in
California and not liable to the State Bar. Question, can I purchase the name? If they have not filed the correct way I want to own the name, if possible

**Patricia Barfield** <PBarfield@azcc.gov>                                                         Oct 2, 2018, 7:03 AM

11/6/2018                              Violations - briancooperaz@gmail.com - Gmail                    3

to me

The name UBER TECHNOLOGIES INC should be available in our system.  You can get a name reservation, but it is only good for 120 days.

From: Brian Cooper <briancooperaz@gmail.com>
Sent: Monday, October 01, 2018 8:18 PM

 Brian Cooper <briancooperaz@gmail.com>                                    Oct 2, 2018, 1:45 PM
to PBarfield

Good afternoon and thank you for everything. I have two questions. Is the name available to hold? Also, if Uber reapplied today would their license be automatically reinstated?

 Brian Cooper <briancooperaz@gmail.com>                                    Oct 2, 2018, 2:13 PM
to PBarfield

Hey Patricia, if you prefer Mrs or Ms. Barfield, what the timetable for Uber to be legally able to conduct business here? I checked into their Uber LLC its also inactive

Patricia Barfield <PBarfield@azcc.gov>                                                   Oct 2, 2018, 2:30 PM
to me

Since there is no pending document, I cannot give you a timetable.

From: Brian Cooper <briancooperaz@gmail.com>
Sent: Tuesday, October 02, 2018 2:14 PM

Patricia Barfield <PBarfield@azcc.gov>                                                   Oct 2, 2018, 2:39 PM
to me

You can get a name reservation, but it is only good for 120 days.

Uber can resubmit the document but they were never qualified here so cannot "reinstate."

From: Brian Cooper <briancooperaz@gmail.com>
Sent: Tuesday, October 02, 2018 1:46 PM

 Brian Cooper <briancooperaz@gmail.com>                                    Oct 2, 2018, 9:33 AM
to PBarfield

Ok, understood. To become qualified what is that timetable? Again, thank you very much for helping me understand this process. There is so much to understanding the correct way a foreign corporation or entity can do business in not only our state, but all 50. I understand that is a state by state basis also.

 Brian Cooper <briancooperaz@gmail.com>                                    Oct 3, 2018, 11:03 AM
to PBarfield

I called and spoke with customer service and Jonathan escalated the issue for the name to be released. Thank you

Patricia Barfield <PBarfield@azcc.gov>                                                   Oct 3, 2018, 11:42 AM
to me

Here is the link to the posted processing times this week.

http://www.azcc.gov/Divisions/Corporations/document-processing-times.pdf

Arizona Corporation Commission - RECEIVED: 5/3/2019                                    19050607275563
Arizona Corporation Commission - FILED: 5/3/2019

DO NOT WRITE ABOVE THIS LINE; RESERVED FOR ACC USE ONLY.

# APPLICATION TO RESERVE CORPORATION NAME

*Read the Instructions C006I*

**1.** **NAME TO BE RESERVED** – see <u>Instructions C006I</u> for name requirements for different entity types.  Enter the exact name or exact fictitious name to be reserved:

Uber Technologies, INC.

**2.** **TYPE OF ENTITY** – **check only one** to indicate the type of entity that may be formed:

| | |
|---|---|
| FOR-PROFIT CORPORATION | INSURER |
| X NONPROFIT CORPORATION | SAVINGS AND LOAN  ASSOCIATION |
| PROFESSIONAL CORPORATION | CREDIT UNION |
| CLOSE CORPORATION | COOPERATIVE MARKETING ASSOCIATION |
| BUSINESS DEVELOPMENT CORP. | ELECTRIC COOPERATIVE NONPROFIT MEMBERSHIP ASSOCIATION |
| CORPORATION SOLE | NONPROFIT ELEC. GENERATION AND TRANSMISSION COOPERATIVE CORP. |

**3. APPLICANT** – name and address of the individual or entity that will own the name reservation:

Brian S Cooper
Name
825 South Dobson RD
Address 1
#248
Address 2 (optional)
Mesa                                    Arizona    85202
City                                    State or Province    Zip
Country    UnitedStates

**SIGNATURE:** By checking the box marked "I accept" below, I acknowledge *under penalty of law* that this document together with any attachments is submitted in compliance with Arizona law.

☒ I ACCEPT

Signature                    Brian S Cooper                    5/3/19
                            Printed Name                    ► Date (mm/dd/yyyy)

**REQUIRED** – check only one:

| | |
|---|---|
| ☒ I am the **Applicant** (I am an individual or natural person and not an entity). | ☐ The **Applicant is an entity** and I am its duly authorized agent. |

| | | |
|---|---|---|
| Filing Fee: $10.00 (regular processing) Expedited processing – add $35.00 to filing fee. All fees are nonrefundable - see Instructions. | Mail: | Arizona Corporation Commission Corporate Filings Section 1300 W. Washington St., Phoenix, Arizona  85007 |
| | Fax: | 602-542-4100 |

Please be advised that A.C.C. forms reflect only the minimum provisions required by statute.  You should seek private legal counsel for those matters that may pertain to the individual needs of your business.
All documents filed with the Arizona Corporation Commission are public record and are open for public inspection.
If you have questions after reading the instructions, please call 602-542-3026 or (within Arizona only) 800-345-5819.

C006.002                                                          Arizona Corporation Commission – Corporations Division

9/22/2021                                                           Screenshot 2021-09-22 at 3.56.41 PM.png







| Ub  × | ⊘ failed  × | W  Rooke  × | Trade  × | ★ Online  × | ★ Public  × | Arizon  × | Conta  × | New Tab  × | + |

ps.azsos.gov/apps/tntp/se.html

Back

**File ID:** 2028280

**Name:** SPES 4021 MANAGEMENT LIMITED PARTNERSHIP

**ing Address:** 8160 E BUTHERUS SUITE 4
SCOTTSDALE, Arizona
85258-

*File number from Uber! go back 1 page*

**to Dissolve:** Never

**Registered:** March 9, 2021

**Partners:** HERMES 4021 MANAGEMENT, L.L.C.                          General Partner
1920 THOMAS AVE STE 610
CHEYENNE, Wyoming
82001-

**it for Service
of Process:** LODMELL & LODMELL, P.C.
8160 E BUTHERUS SUITE 4
SCOTTSDALE, Arizona
85258-



tps://sos.iowa.gov/search/business/results.aspx?q=CYSosHCvwzqj_vOg9J_sunPRMXLYv_3765xCuCIJ-UP09_eClrRycn2VV4Rovj6iixCYG_CKaljVZov1csl...

Loop  FB  P  VM  M  G  SJ  SJ  $$$  free  P  uslaw  M4RE  G  Fraud  injunct  DOJ  CaseText  FTC  =ofus

 

# IOWA SECRETARY OF STATE
## Paul D. Pate

Home    Business Services ▾    Search Databases ▾    Online Filing ▾    Elections ▾    Notaries ▾    Nonprofits ▾    Youth ▾

Home » Search Databases » Business Entities » Results

# Business Entities Results

🖨 print

Searched: uber usa llc

Results 0

| Business No. | Name | Status | Type |
|---|---|---|---|

Sorry, no results. Search again

Screen Help

**FEATURED RESOURCES**

| QUICK LINKS | ONLINE SERVICES | SEARCH |
|---|---|---|

· File a Biennial Report
› Find Your Precinct/Polling Place
· Am I Registered to Vote in Iowa?
· Register to Vote
· Request an Absentee Ballot
· Track Your Absentee Ballot
· Business Resources





Clerk of the Superior Court
*** Electronically Filed ***
09/24/2019 8:00 AM

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

CV 2019-001194                                          09/23/2019


                                              CLERK OF THE COURT
HON. PAMELA GATES                                   S. Ortega
                                                    Deputy


UBER U S A, L L C                          MARK A NADEAU

v.

BRIAN COOPER, et al.



                                           EDM-QC-CCC
                                           JUDGE DANIEL MARTIN
                                           JUDGE WHITTEN
                                           MEEDS ADMINISTRATOR



                             MINUTE ENTRY


       A clerical error having been made in that a minute entry was issued with the incorrect
case number,

       IT IS ORDERED deleting the minute entry with case number CV2019-001194, dated
September 20, 2019 and filed on September 23, 2019, with docket code 066, in its entirety and
said minute entry is considered null and void.

       IT IS FURTHER ORDERED that EDM-QC shall remove the minute entry from the
Clerk's Office Docket and OnBase system.

       IT IS FURTHER ORDERED that the MEEDS Administrator shall remove the minute
entry from the Clerk's Office minute entry web site.



Docket Code 023                      Form V000A                           Page 1

8/8/2020

Screenshot 2020-07-26 at 12.24.26 PM.png

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| | Ask a Question - Chromebook | × | Settings | × | (2,110 unread) - mrcooper121 | × | Case and Party Search | × |

← → C   🔒 azcourtdocs.gov/arizona/search.do?indexName=casesearchparty&templateName=Main&searchQuery=Last:2F Business+Name:43A'Uber'&lq+%22Last...   ☆

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 3. exp:="Uber USA" -53 | CV201205227a | Tamara | Louise | Uber | 10/1971 | Plaintiff | Uber Vs. | Maricopa County Superior | CV |
| 3. &lq:="Uber USA LLC" -5a 4. uber usa llc. [Clear] | CV2020003490 | Jeffrey | Lee | Uber | | Plaintiff | Uber Vs. Morrisette. | Maricopa County Superior | CV |
| | CV2016007812 | | | Uber Technologies Inc | | Defendant | McDermott, Et.AL. Vs. Uber Technologies Inc, Et.AL. | Maricopa County Superior | CV |
| | S1100CV201201873 | | | UBER USA LLC | | GARNISHEE | UNIFUND CCR PARTNERS PLAINTIFF vs ALFREDO JIMENEZ DEFENDANT | Pinal County Superior | THE HON STEVEN J. FULLER |
| | S1100CV201601012 | | | UBER USA LLC | | GARNISHEE | FIRST AMERICAN CREDIT UNION PLAINTIFF vs LARRY DEAN GAZEE DEFENDANT | Pinal County Superior | THE HON JOSEPH R GEORGINI |
| | CV2016053378 | | | Uber Technologies Inc | | Defendant | Armstrong Vs. Rizvanolli, Et.AL. | Maricopa County Superior | CV |
| | CV201903404L | | | Uber Technologies Inc | | Defendant | Sena Vs. Uber Technologies Inc, Et.AL. | Maricopa County Superior | CV |
| | CV2017056097 | | | Uber Technologies Inc | | Defendant | Hyde Vs. Blue, Et.AL. | Maricopa County Superior | CV |
| | CV2017002262 | | | Uber Technologies Inc | | Defendant | Haas Vs. Coburn, Et.AL. | Maricopa County Superior | CV |
| | CV2016053378 | | | Uber U S A, L L C | | Defendant | Armstrong Vs. Rizvanolli, Et.AL. | Maricopa County Superior | CV |
| | CV2017056097 | | | Uber U S A, L L C | | Defendant | Hyde Vs. Blue, Et.AL. | Maricopa County Superior | CV |

Clerk of the Superior Court
*** Electronically Filed ***
K. Dyer, Deputy
9/30/2019 10:08:00 AM
Filing ID 10933873

1   Mark A. Nadeau (Bar No. AZ-011280)
    mark.nadeau@dlapiper.com
2   Cole J. Schlabach (Bar No. AZ-026364)
    cole.schlabach@dlapiper.com
3   DLA PIPER LLP (US)
    2525 East Camelback Road Suite 1000
4   Phoenix, Arizona 85016-4232
    Tel: 480.606.5100
5   Fax: 480.606.5101

6   *Attorneys for Plaintiff Uber USA, LLC*

7

8            IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

9

10              IN AND FOR THE COUNTY OF MARICOPA

11   Uber USA, LLC, a Delaware limited          CASE NO.:  CV2019-010522
     liability company,
12                                              **[PROPOSED] FINDINGS OF FACT**
                   Plaintiff,                   **AND CONCLUSIONS OF LAW**
13
14         v.                                   Assigned to Judge Rosa Mroz

15   Brian Cooper and Tiffany Swanson-
     Cooper,
16
                   Defendants.
17

18        Plaintiff Uber USA, LLC ("Uber USA"), pursuant to this Court's September 16,

19   2019 Order, hereby submits the following proposed findings of fact and conclusions of law:

20                              **FINDINGS OF FACT**

21        1.       On July 30, 2018, Brian Cooper and Tiffany Swanson-Cooper (collectively,

22   "the Coopers") filed a Complaint against Uber Technologies, Inc. ("Uber Technologies")

23   in Maricopa County Superior Court (CV2018-096249) (the "First Lawsuit").  The lawsuit

24   alleged claims against Uber Technologies for "breach of contract," "UPL," "falsifying

25   evidence," and "lying in order to obtain advantage." Uber Technologies moved to dismiss

26   the lawsuit on grounds that the Complaint did not state a claim for which relief could be

27   granted and that the allegations were subject to a prior binding consumer arbitration

28   between it and the Coopers.  The Court agreed, awarding Uber $5,000 in attorneys' fees

1  and finding that the Coopers' claim was brought "without substantial justification" under

2  A.R.S. § 12-349.

3  　　2.　　The Coopers made multiple frivolous filings during the course of the First

4  Lawsuit, including, but not limited to:

5  　　　　　　• a "TRO Preventing Uber from Practicing Law in Arizona Until All Legal

6  　　　　　　　Obligations Have Been Met,"

7  　　　　　　• a "Reply in Support of Memorandum of Opposition to Defense Motion to

8  　　　　　　　Dismiss,"

9  　　　　　　• a "Motion to Add Evidence Not Upleaded" [sic],

10 　　　　　　• a "Motion to Vacate Arbitration Award," and

11 　　　　　　• multiple Motions for Reconsideration.[1]

12 These requests were denied by the Court.

13 　　3.　　After the September 13, 2018 minute entry granting Uber Technologies'

14 Motion to Dismiss, Brian Cooper emailed counsel for Uber Technologies, threatening to

15 file multiple complaints to various agencies, and stating, "I am never going to quit until we

16 receive justice. I am going to file with the CFPB, FTC, and we are sending out our story to

17 the Media. This is far from over! Have a great weekend."[2] Mr. Cooper sent a similar

18 threatening email to Uber's paralegal Rosemary Barajas, concluding that communication

19 by stating, "[t]here are some folks that are going to want to talk to you. Good Luck."[3]

20 　　4.　　On October 4, 2018, the Coopers filed a second lawsuit naming "Uber Tech

21 Inc." and individual defendants in Maricopa County Superior Court (Case No. CV2018-

22 096629) (the "Second Lawsuit"), which continued to assert claims stemming from the

23 Coopers' previous failed consumer arbitration against Uber Technologies, and which

24

25 [1] *See* Ex. L to Uber USA's Application to Declare Brian and Tiffany Cooper Vexatious
   Litigants.
26 [2] *See* Ex. E to Uber USA's Application to Declare Brian and Tiffany Cooper Vexatious
   Litigants.
27 [3] *See* Ex. F to Uber USA's Application to Declare Brian and Tiffany Cooper Vexatious
28 Litigants.

1   shared a common nucleus of facts with the previous lawsuit. The Court granted Uber

2   Technologies' Motion to Dismiss, taking judicial notice of the Coopers' First Lawsuit and

3   finding that the "Plaintiffs proceed and argue their positions with a fundamental

4   misunderstanding of the law and its application to their allegations." *See* December 7, 2018,

5   Minute Entry in CV2018-096629. The Court also awarded Uber Technologies its attorneys'

6   fees in the amount of $12,303.29, finding the claims in the Second Lawsuit were frivolous.

7        5.    The Coopers again made multiple frivolous filings in the Second Lawsuit,

8   including, but not limited to:

9        • a "Motion for Discovery of Evidence Extension of Time,"

10       • a "Response to the Defenses Motion to Dismiss with Prejudice and Fees

11           Summary Judgment" (filed after the Coopers had already filed an

12           Opposition to the pending Motion to Dismiss),

13       • an "Orders to Show Cause Motion for Immediate Production Sanctions

14           Request for Non-Production" (despite the fact that the case never entered

15           discovery),

16       • a "Plaintiff Request for Sanctions and Injunctions,"

17       • a "Motion for Removal to Proper Jurisdiction," and

18       • Multiple filings following the Court's order dismissing the case, including

19           filings titled "Procedural Failure to Rule on Motions in a Timely Manner

20           Disqualification of Judge Talamante, Judge Failing to Rule in a Timely

21           Manner," "Procedural Error and Failure to Recognize Diversity

22           Jurisdiction," and "Personal Jurisdiction Never Established; Defense

23           Interfered with Process of Service; Abuse of Power."[4]

24   The Coopers' last filing in the Second Lawsuit was a Motion to Reinstate Dismissed Case,

25   filed June 24, 2019, six months after the matter was dismissed, which was promptly denied

26   in a minute entry filed with the Clerk of the Court on July 11, 2019.

27   _____

28   [4] *See* Ex. L to Uber USA's Application to Declare Brian and Tiffany Cooper Vexatious
     Litigants.

1    6.    During the course of the two lawsuits and in the time since their dismissal,
2  Brian Cooper engaged in harassing behavior, including multiple harassing phone calls and
3  emails, resulting in Uber USA obtaining an Injunction Against Workplace Harassment
4  against Brian Cooper in Maricopa County Superior Court (CV2019-001194), which was
5  confirmed following an evidentiary hearing on March 12, 2019.

6    7.    Brian Cooper also made at least one failed attempt to register the name "Uber
7  Technologies, Inc." with the Arizona Corporation Commission,[5] which was done to support
8  a false narrative alleged in the Second Lawsuit that the Uber organization was operating
9  illegally in Arizona.  Additionally, the Coopers filed multiple State Bar and Judiciary
10  complaints against in-house counsel, outside counsel, Superior Court judges, and State Bar
11  counsel,[6] none of which have been found to have any merit.

12                              **CONCLUSIONS OF LAW**

13    8.    This Court has the authority, pursuant to A.R.S. § 12-3201, to declare the
14  Coopers vexatious litigants at the request of a party or the court's own motion, "if the court
15  finds the pro se litigant engaged in vexatious conduct." A.R.S. § 12-3201(E) provides that
16  "Vexatious conduct" includes the following actions:

17          (a)    Repeated filing of court actions solely or primarily for the purpose of
18    harassment.

19          (b)    Unreasonably expanding or delaying court proceedings.

20          (c)    Court actions brought or defended without substantial justification.

21          (d)    Engaging in abuse of discovery or conduct in discovery that has
22    resulted in the imposition of sanctions against the pro se litigant.

23          (e)    A pattern of making unreasonable, repetitive and excessive requests
24    for information.

25    _____
26  [5] *See* Ex. G to Uber USA's Application to Declare Brian and Tiffany Cooper Vexatious
     Litigants.
27  [6] *See* letters attached to the Coopers' November 27, 2018, Response to Uber's Motion to
     Dismiss in Maricopa County Superior Court filed in the second filed lawsuit, CV2018-
28  096629.

DLA PIPER LLP (US)
PHOENIX

-4-

1          (f)    Repeated filing of documents or requests for relief that have been the

2   subject of previous rulings by the court in the same litigation.

3       9.    The Court concludes that, particularly with respect to the Coopers' conduct

4   in CV2018-096249 and CV2018-096629, the Coopers have engaged in vexatious conduct.

5       10.    Among other vexatious conduct, the Coopers filed CV2018-096249 and

6   CV2018-096629 without substantial justification.  These actions were also filed primarily

7   for the purpose of harassment, as supported by the pattern of harassing conduct set forth

8   above.  Further, the Coopers have unreasonably expanded court proceedings and engaged

9   in repeated filings of documents and requests for relief that have been the subject of

10   previous rulings by the court in the same litigation.

11       11.    The Court finds Brian Cooper and Tiffany Swanson-Cooper to be vexatious

12   litigants.

13

14   Dated: September 30, 2019        **DLA PIPER LLP (US)**

15

16           By:   /s/ Cole J. Schlabach

17               Mark A. Nadeau
            mark.nadeau@dlapiper.com

18               Cole J. Schlabach
            cole.schlabach@dlapiper.com

19               2525 East Camelback Road Suite 1000
            Phoenix, Arizona 85016-4232

20               Telephone:    480.606.5100
            Facsimile:    480.606.5101

21           *Attorneys for Plaintiff Uber USA, LLC*

22

23

24

25

26

27

28

1

**CERTIFICATE OF SERVICE**

2

3          I hereby certify that on September 30, 2019, a true and correct copy of the Proposed

4      Findings of Fact and Conclusion of Law was filed with the clerk of the Court.   A copy will

5      be provided to the following via the Court's electronic service-mail, email and U.S. Mail:

6          Brian Cooper
7          Tiffany Swanson-Cooper
           825 S. Dobson Road, #248
8          Mesa, AZ  85202
           briancooperaz@gmail.com
9          tiffanylcooper33@gmail.com

10

11                                                   /s/ Pat Kelly

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## Event Detail | 205502  (Closed)

### Logged by assyst user for MailboxReader - Production,   Automation SVD on 10/22/19 11:30 AM

## Details

| | |
|---|---|
| **Affecting:** | Brian Cooper - ??,  **Tel:** 480-845-7965 |
| **Location:** | Unknown |
| **Department:** | Unknown |
| **Item:** | To Be Qualified,  To Be Qualified |
| **SLA:** | Maricopa Default ,  **Response Due:** 10/23/19 11:45 AM,  **Resolution Due:** 10/29/19 7:45 AM |
| **Category:** | User Education ,  **Impact:** A: Single User - Non-Core ,  **Urgency:** A: Not Time Sensitive |
| **Assigned:** | Deborah Neild,  Customer Service Center |

## Summary

in reference to the call yesterday

## Description

Subject: in reference to the call yesterday
From: "Lucid 33" <mr33az@outlook.com> ·
To: "oetservice@mail.maricopa.gov" <oetservice@mail.maricopa.gov>
Cc:
Date: Tue, 22 Oct 2019 18:27:53 +0000

Hello this is Brian Cooper if someone can get back to me I would greatly appreciate it. We do have a FBI report prior to this event with Uber and we filed a police report last night. Looking forward to speaking with you... 480-845-7965

## History

| Action | Action by | Assigned | Remarks |
|---|---|---|---|
| Close<br>10/25/19 9:08 AM | Christopher Arkin<br>Customer Service Center | | close |
| Start Clock<br>10/25/19 9:08 AM | Christopher Arkin<br>Customer Service Center | | start |
| Stop Clock<br>10/25/19 7:53 AM | Deborah Neild<br>Customer Service Center | | Time:0:01:00<br>unknown |
| User Callback *<br>10/25/19 7:53 AM | Deborah Neild<br>Customer Service Center | | Time:0:01:00<br>unknown |
| > 1 fields changed<br>10/25/19 7:53 AM | Deborah Neild<br>Customer Service Center | Deborah Neild<br>Customer Service Center | Impact<br>From:I2<br>To:I1<br><br>Category<br>From:GENERAL ISSUE<br>To:USER EDUCATION<br><br>Affected User<br>From:ZZ MAILBOX READER<br>To:[empty]<br><br>Affected User Tele.<br>From:[empty]<br>To:480-845-7965<br><br>Urgency<br>From:U2<br>To:U1 |
| SLA<br>10/25/19 7:53 AM | Deborah Neild<br>Customer Service Center | Deborah Neild<br>Customer Service Center | SLA<br>From:NORMAL SUPPORT HOURS REQUEST<br>To:MARICOPA DEFAULT<br>determined from System Defaults |

| Action | Action by | Assigned | Remarks |
|---|---|---|---|
| | | | Description<br>From:Subject: in reference to the call yesterday<br>From: "Lucid 33"<br><mr33az@outlook.com><br>To: "oetservice@mail.maricopa.gov"<br><oetservice@mail.maricopa.gov><br>Cc:<br>Date: Tue, 22 Oct 2019 18:27:53 +0000 |
| | | | Hello this is Brian Cooper if someone can get back to me I would greatly appreciate it. We do have a FBI report prior to this event with Uber and we filed a police report last night. Looking forward to speaking with you... 480-845-7965 |
| Previous Description<br>10/25/19 7:53 AM | Deborah Neild<br>Customer Service Center | Deborah Neild<br>Customer Service Center | To:Subject: in reference to the call yesterday<br>From: "Lucid 33"<br><mr33az@outlook.com><br>To: "oetservice@mail.maricopa.gov"<br><oetservice@mail.maricopa.gov><br>Cc:<br>Date: Tue, 22 Oct 2019 18:27:53 +0000 |
| | | | Hello this is Brian Cooper if someone can get back to me I would greatly appreciate it. We do have a FBI report prior to this event with Uber and we filed a police report last night. Looking forward to speaking with you... 480-845-7965 |
| Reassign+<br>10/23/19 5:22 AM | Deborah Neild<br>Customer Service Center | Deborah Neild<br>Customer Service Center | Time:0:01:00<br>ra |
| Attachment Added+<br>10/22/19 11:30 AM | assyst user for MailboxReader - Production<br>Automation SVD | | 10205502_2019-10-22 11_27_53.eml (in reference to the call yesterday.eml) - in reference to the call yesterday.eml<br>Event [ 205502 ] |
| Reassign+<br>10/22/19 11:30 AM | assyst user for MailboxReader - Production<br>Automation SVD | Customer Service Center | |

Clerk of the Superior Court
\*\*\* Electronically Filed \*\*\*
11/07/2019 8:00 AM

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

CV 2019-010522                                            11/06/2019


                                                CLERK OF THE COURT
HON. ROSA MROZ                                        D. Charbagi
                                                       Deputy


UBER U S A, L L C                        COLE SCHLABACH

v.

BRIAN COOPER, et al.                     BRIAN COOPER
                                         825 S DOBSON RD #248
                                         MESA AZ  85202


                                         TIFFANY SWANSON-COOPER
                                         825 S DOBSON RD #248
                                         MESA AZ  85202
                                         JUDGE MROZ
                                         JUDGE WELTY


MINUTE ENTRY


        The Court has considered Plaintiff's Application to Declare Defendants Brian Cooper and
Tiffany Swanson-Cooper as Vexatious Litigants filed on July 8, 2019.  The Court notes that
Defendants did not file any responsive pleadings to this Application.  Even though Defendants did
not timely file a responsive pleading, the Court gave Defendants another chance by ordering
Defendants to respond to Plaintiff's Application detailing why they should not be declared as
vexatious litigants by September 9, 2019. The Court later learned that Defendants removed this
case to federal court. Upon remand from federal court, the Court gave Defendants yet another
chance to respond to Plaintiff's Application by October 31, 2019.  Defendants still did not file any
responsive pleading to Plaintiff's Application.  Accordingly,

        **IT IS ORDERED** granting Plaintiff's Application to Declare Defendants Brian Cooper
and Tiffany Swanson-Cooper as Vexatious Litigants.

Docket Code 019                          Form V000A                              Page 1

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

CV 2019-010522                                              11/06/2019

**FINDINGS OF FACT**

1.  On July 30, 2018, Brian Cooper and Tiffany Swanson-Cooper (collectively, "the Coopers") filed a Complaint against Uber Technologies, Inc. ("Uber Technologies") in Maricopa County Superior Court (CV2018-096249) (the "First Lawsuit"). The lawsuit alleged claims against Uber Technologies for "breach of contract," "UPL," "falsifying evidence," and "lying in order to obtain advantage." Uber Technologies moved to dismiss the lawsuit on grounds that the Complaint did not state a claim for which relief could be granted and that the allegations were subject to a prior binding consumer arbitration between it and the Coopers. The Court agreed, awarding Uber $5,000 in attorneys' fees and finding that the Coopers' claim was brought "without substantial justification" under A.R.S. § 12-349.

2.  The Coopers made multiple frivolous filings during the course of the First Lawsuit, including, but not limited to: (a) a "TRO Preventing Uber from Practicing Law in Arizona Until All Legal Obligations Have Been Met"; (b) a "Reply in Support of Memorandum of Opposition to Defense Motion to Dismiss"; (c) a "Motion to Add Evidence Not Upleaded" [sic]; (d) a "Motion to Vacate Arbitration Award"; and (e) multiple Motions for Reconsideration.[1] These requests were denied by the Court.

3.  After the September 13, 2018, minute entry granting Uber Technologies' Motion to Dismiss, Brian Cooper emailed counsel for Uber Technologies, threatening to file multiple complaints to various agencies, and stating, "I am never going to quit until we receive justice. I am going to file with the CFPB, FTC, and we are sending out our story to the Media. This is far from over! Have a great weekend."[2] Mr. Cooper sent a similar threatening email to Uber's paralegal Rosemary Barajas, concluding that communication by stating, "[t]here are some folks that are going to want to talk to you. Good Luck."[3]

4.  On October 4, 2018, the Coopers filed a second lawsuit naming "Uber Tech Inc." and individual defendants in Maricopa County Superior Court (Case No. CV2018-096629) (the "Second Lawsuit"), which continued to assert claims stemming from the Coopers' previous failed consumer arbitration against Uber Technologies, and which shared a common nucleus of facts with the previous lawsuit. The Court granted Uber Technologies' Motion to Dismiss, taking judicial notice of the Coopers' First Lawsuit and finding that the "Plaintiffs proceed and argue their positions with a fundamental misunderstanding of the

---

[1] *See* Ex. L to Uber USA's Application to Declare Brian and Tiffany Cooper Vexatious Litigants.
[2] *See* Ex. E to Uber USA's Application to Declare Brian and Tiffany Cooper Vexatious Litigants.
[3] *See* Ex. F to Uber USA's Application to Declare Brian and Tiffany Cooper Vexatious Litigants.

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

CV 2019-010522                                                    11/06/2019

law and its application to their allegations." See December 7, 2018, Minute Entry in CV2018-096629. The Court also awarded Uber Technologies its attorneys' fees in the amount of $12,303.29, finding the claims in the Second Lawsuit were frivolous.

5.   The Coopers again made multiple frivolous filings in the Second Lawsuit, including, but not limited to: (a) a "Motion for Discovery of Evidence Extension of Time"; (b) a "Response to the Defenses Motion to Dismiss with Prejudice and Fees Summary Judgment" (filed after the Coopers had already filed an Opposition to the pending Motion to Dismiss); (c) an "Orders to Show Cause Motion for Immediate Production Sanctions Request for Non-Production" (despite the fact that the case never entered discovery); (d) a "Plaintiff Request for Sanctions and Injunctions"; (e) a "Motion for Removal to Proper Jurisdiction"; and (f) Multiple filings following the Court's order dismissing the case, including filings titled "Procedural Failure to Rule on Motions in a Timely Manner Disqualification of Judge Talamante, Judge Failing to Rule in a Timely Manner," "Procedural Error and Failure to Recognize Diversity Jurisdiction," and "Personal Jurisdiction Never Established; Defense Interfered with Process of Service; Abuse of Power."[4]   The Coopers' last filing in the Second Lawsuit was a Motion to Reinstate Dismissed Case, filed June 24, 2019, six months after the matter was dismissed, which was promptly denied in a minute entry filed with the Clerk of the Court on July 11, 2019.

6.   During the course of the two lawsuits and in the time since their dismissal, Brian Cooper engaged in harassing behavior, including multiple harassing phone calls and emails, resulting in Uber USA obtaining an Injunction Against Workplace Harassment against Brian Cooper in Maricopa County Superior Court (CV2019-001194), which was confirmed following an evidentiary hearing on March 12, 2019. Following the Court's decision, Brian Cooper continued to file motions, which were all denied. The last motion was a motion for reconsideration filed on July 19, 2019.

7.   A review of the Court's own records shows that after Uber USA obtaining an Injunction Against Workplace Harassment against Brian Cooper in Maricopa County Superior Court CV2019-001194, Brian Cooper then filed a Petition for Injunction Against Harassment against Uber USA on August 30, 2019 in CV2019-096758, claiming that Uber wrongfully obtained the Coopers' banking information. The Court denied this Petition on August 30, 2019.

8.   Brian Cooper also made at least one failed attempt to register the name "Uber Technologies, Inc." with the Arizona Corporation Commission,[5] which was done to

---

[4] See Ex. L to Uber USA's Application to Declare Brian and Tiffany Cooper Vexatious Litigants.
[5] See Ex. G to Uber USA's Application to Declare Brian and Tiffany Cooper Vexatious

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

CV 2019-010522                                    11/06/2019

support a false narrative alleged in the Second Lawsuit that the Uber organization was operating illegally in Arizona. Additionally, the Coopers filed multiple State Bar and Judiciary complaints against in-house counsel, outside counsel, Superior Court judges, and State Bar counsel,[6] none of which have been found to have any merit.

**CONCLUSIONS OF LAW**

This Court has the authority, pursuant to A.R.S. § 12-3201, to declare the Coopers vexatious litigants at the request of a party or the court's own motion, "if the court finds the *pro se* litigant engaged in vexatious conduct." A.R.S. § 12-3201(E) provides that

"Vexatious conduct" includes the following actions:

(a) Repeated filing of court actions solely or primarily for the purpose of harassment.
(b) Unreasonably expanding or delaying court proceedings.
(c) Court actions brought or defended without substantial justification.
(d) Engaging in abuse of discovery or conduct in discovery that has resulted in the imposition of sanctions against the pro se litigant.
(e) A pattern of making unreasonable, repetitive and excessive requests for information.
(f) Repeated filing of documents or requests for relief that have been the subject of previous rulings by the court in the same litigation.

THE COURT FINDS that the Coopers have engaged in vexatious conduct. Among other conduct, the Coopers filed CV2018-096249 and CV2018-096629 without substantial justification. These actions were also filed primarily for the purpose of harassment, as supported by the pattern of harassing conduct set forth above. Further, the Coopers have unreasonably expanded court proceedings and engaged in repeated filings of documents and requests for relief that have been the subject of previous rulings by the court in the same litigation.

**RECOMMENDATIONS**

This Court recommends that Brian Cooper and Tiffany Swanson-Cooper be declared vexatious litigants by the Maricopa County Superior Court Presiding Judge, pursuant to A.R.S. § 12-3201.

---

Litigants.
[6] *See* letters attached to the Coopers' November 27, 2018, Response to Uber's Motion to Dismiss in Maricopa County Superior Court filed in the second filed lawsuit, CV2018-096629.

## SUPERIOR COURT OF ARIZONA
## MARICOPA COUNTY

CV 2019-010522                                          11/06/2019

This Court further recommends that Brian Cooper and Tiffany Swanson-Cooper be prohibited from filing any new complaints, lawsuits, pleadings, motions, or any other documents, unless either one or both are given leave of court specifically granted by the Presiding Judge of the Maricopa County Superior Court, pursuant to A.R.S. § 12-3201(B).

Clerk of the Superior Court
*** Electronically Filed ***
08/24/2020 8:00 AM

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

CV 2019-010522                                           08/21/2020


HONORABLE RANDALL H. WARNER                    CLERK OF THE COURT
                                                    D. Charbagi
                                                      Deputy


UBER U S A, L L C                              COLE SCHLABACH

v.

BRIAN COOPER, et al.                           BRIAN COOPER
                                               825 S DOBSON RD #248
                                               MESA AZ  85202


                                               JUDGE WARNER


MINUTE ENTRY


        This matter was remanded from Federal District Court in October 2019.  Since then, no scheduling order has been entered and it appears nothing has been done to bring this matter to resolution.

        **IT IS ORDERED** that a joint report and proposed scheduling order be filed no later than **October 1, 2020.**